HALEUALANI CATHCART YONGE *v.* WILLIAM BORTHWICK, TAX COMMISSIONER OF THE TERRITORY OF HAWAII.

No. 2224.

HANNAH G. FITCHIE GALBRAITH *v.* WILLIAM BORTHWICK, TAX COMMISSIONER OF THE TERRITORY OF HAWAII.

No. 2225.

NETTIE FERNANDEZ LINCOLN *v.* WILLIAM BORTHWICK TAX COMMISSIONER OF THE TERRITORY OF HAWAII.

No. 2226.

P. AINSLIE MACKENZIE *v.* WILLIAM BORTHWICK, TAX COMMISSIONER OF THE TERRITORY OF HAWAII.

No. 2227.

FRANCES AIKEN VAN MATER *v.* WILLIAM BORTH-WICK, TAX COMMISSIONER OF THE TERRITORY OF HAWAII.

No. 2228.

ROBERT W. T. PURVIS *v.* WILLIAM BORTHWICK,
TAX COMMISSIONER OF THE TERRITORY OF
HAWAII.

No. 2234.

ARGUED DECEMBER 13, 1937.          DECIDED DECEMBER 28, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

The above causes are before this court on agreed statements of facts pursuant to section 3616, R. L. 1935. Because of the similarity of the facts as well as the law involved the parties have agreed to a consolidation of all of the cases and they will be dealt with here accordingly. These controversies arise out of the respective assessments levied by the tax commissioner of the Territory against the individuals who are parties to this proceeding under the provisions of the territorial business excise tax law, that is, chapter 63, R. L. 1935, for the year 1932.

The parties against whom assessments were levied by the tax commissioner are all beneficiaries under testamentary or *inter vivos* trusts and during the year in question each was the distributee of certain trust income. The assessment in each case was computed upon the income received by the beneficiary during the taxable year. The trust estates are administered in Hawaii and some of the beneficiaries reside within and others without the Territory.

It was not claimed by the tax commissioner that any of the individuals here involved were engaged in any business within the Territory other than the receipt by them from their trustees of annual incomes due from their respective trust estates. The tax commissioner claims the right to assess the tax against the beneficiaries under the provisions of chapter 63, R. L. 1935, and lays particular emphasis upon section 2005 which incorporates into chapter 63 those provisions of the territorial income tax statute (chapter 65) relating to assessment, payment or collection of income taxes and which are not inapplicable to nor inconsistent with the provisions of chapter 63. Chapter 63, which was in force in the year 1932, but which has since been repealed (see L. 1935, Act 119) provides in part: "There shall be levied and assessed each year upon each person doing business within the Territory, except as otherwise in this chapter provided, an excise tax in the manner and at the rate hereinafter provided, for the doing of business for the taxable year preceding the one in which the tax is regularly assessed. Such tax shall be in addition to any license or other fee prescribed by any other law." Thus in plain and unmistakable language the statute designates persons who shall be subject to an excise tax and confines its application to "each person doing business within the Territory."

There is nothing in the income tax statute which purports to enlarge the class who are subject to the business excise tax and it is clear to us that a person, regardless of his place of residence, who merely receives a distribution of income from a trust estate of which he is a beneficiary is not "doing business within the Territory" and is therefore not subject to the tax imposed by the provisions of chapter 63, R. L. 1935. Upon that ground alone the respective assessments against the beneficiaries named in the submissions were unauthorized by law and therefore void.

*L. Jenks* and *M. Cades (Prosser, Anderson, Marx &
Wrenn* and *Smith, Wild, Beebe & Cades* on the briefs) for
the taxpayers.

*J. V. Hodgson* and *R. V. Lewis,* Deputy Attorneys General *(G. P. Kimball,* Second Deputy Attorney General, on
the briefs), for the tax commissioner.